BRUCE FULCHER V. STATE

No. 28,199.  April 4, 1956.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) May 9, 1956.

*J. R. (Billy) Hall,* Littlefield, for appellant.

*Curtis R. Wilkinson,* County Attorney, Littlefield, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the unlawful possession of whiskey in a dry area with a prior conviction for a like offense alleged

for enhancement of the penalty; the punishment, a fine of $2,000.

The state's witness, Deputy Sheriff McLauren, testified that while he was traveling in an automobile he saw the appellant about 15 or 20 yards east of the road and a short distance north of his home and that he appeared to be placing something in a red and white cellophane sack; that he stopped and said to the appellant, "What are you doing out there?", and the appellant walked toward him until he was recognized, then started to a vacant house with the red and white cellophane sack in his hand; that he followed appellant who began running when within about fifteen steps of the vacant house, pursued him into the house, and that he found a red and white cellophane sack in the house with two pints of whiskey in it and did not see any other sacks in the house. He further testified that with the appellant they returned to the place where he had first observed the appellant and there he found four pints of whiskey and also found six pints of whiskey about ten feet distant from the four pints, and "* * * I didn't notice any tracks there only just his."

The state offered proof that Lamb County was a dry area.

The state offered proof of the alleged prior conviction and of appellant's identity as being the same person named therein.

Appellant did not testify but called his wife who testified that appellant did not own or control the property on which the whiskey was found; that within her knowledge he did not have any whiskey on said property; and that at the time in question he was going to the vacant house on the adjoining lot to see if the roof was leaking as he had been helping repair the house.

We find the evidence sufficient to support the verdict of the jury.

The complaint of proof of the ownership of the vacant house located north of appellant's house cannot be sustained because appellant's wife testified, on cross-examination without objection, that it belonged to appellant's mother.

Appellant urges that the trial court erred in admitting in evidence the packages and the bottles of whiskey over his objection that they had not been properly traced since they were

confiscated and further because they bore notations which were hearsay.

Deputy Sheriff McLauren while testifying identified the twelve pints of whiskey as the same whiskey that he "got out there where Bruce Fulcher was," and further testified that "The reason I know this is the same whiskey is because it is in this red and white cellophane sack and it was muddy at that time and this wrapper has been wet, you all can see that when I take it out. It has got mud on the bottles and everything and that is the reason I know it is the same one."

We conclude that the identity of the bottles of whiskey was sufficiently established to render them admissible in evidence. Ybarra v. State, 160 Tex. Cr. Rep. 487, 272 S.W. 2d 374.

The admission in evidence of the written notation, "Log Cabin, 100 Per Cent," on the top of a package does not show error as it does not connect or tend to connect the appellant with the possession of the package or the possession of the whiskey here charged.

Appellant insists that the trial court erred in permitting the state to read to the jury the complaint in the cause of the prior conviction alleged over his objection that it was hearsay and was not used in the prosecution of the prior case.

In making its proof of the prior conviction alleged, the state introduced in evidence the complaint, information, and the judgment. The judgment recites that a plea of guilty was entered in the charge in the information. The court in the instant case instructed the jury that the evidence, if any, of a prior conviction could not be considered as evidence of appellant's guilt of the primary offense charged.

If the complaint should not have been read to the jury, under the record we see no prejudice shown and hence no reversible error.

Complaint is made of the following argument to the jury by the state's attorney: "What you do here today gentlemen, it won't stay in this courtroom, it will spread all over Lamb County," over the objection, "That, your honor, is improper argument and the defendant objects to it and ask the court for a bill of exception."

The objection does not point out wherein the argument is improper, and no request was made of the court to instruct the jury not to consider it. It is common knowledge that the verdict of the jury is available to the public and probably would be known generally. The members of the jury, usually from different sections of the county, were under no restraint from revealing the verdict. We perceive no error.

By Formal Bill of Exception No. 6, appellant complains of the county attorney's argument to the jury as follows: "Now gentlemen, this may not seem like a very important case, just another liquor case, but I tell you that as far as liquor law enforcement goes, this is one of the most important cases that has ever been tried in Lamb County, Texas; for this reason: Even if we concede that Bruce Fulcher didn't have any control over that property, didn't own it or anything, if we follow Mr. Hall's theory, any person who is in the whiskey business can take their whiskey and put it over on their neighbor's property or anywhere else and * * *," to which he objected on the ground that it was outside the record and not in answer to any argument made by the defense counsel, which objection was overruled and he excepted.

It appears from the bill that the county attorney was discussing how a person could possess whiskey for the purpose of sale by the exercise of care, control, and custody of the whiskey although it was located on the property of another, as contrary to appellant's theory that he should not be convicted because the whiskey was not on his property but was on property owned and controlled by another. The county attorney was entitled to express his opinion that this is one of the most important cases ever tried in Lamb County and from the state's standpoint this appears to have been a logical comment under the facts in view of the position taken by the appellant as to the whiskey found on the premises of another. No reversible error is here shown.

By Formal Bill of Exception No. 4, appellant contends that the trial court erred in refusing to grant his motion for the issuance of process to force the attendance of the members of the jury who served in the instant case in order for him to substantiate a sworn affidavit attached to his motion for new trial, and that said jurors be present at the time of the hearing of the motion for a new trial.

If the affidavit referred to in this bill be the affidavit of appellant to his motion for new trial, it was not sufficient to raise

the issue of jury misconduct in that it was sworn to by appellant on information and belief only. The bill fails to set out any allegations of jury misconduct; it does not incorporate the motion for new trial; and the affidavit referred to is not set out or attached.

Under this bill no error is shown in the court's refusal to cause process to be issued for the appearance of the members of the jury panel on the hearing of the motion for a new trial.

Appellant insists that the trial court erred in refusing to charge his affirmative defense as to the control and possession of the vacant house where the two pints of whiskey in the plastic bag were found.

The evidence reveals that ten pints of whiskey were found in two separate places in addition to the two pints of whiskey in the plastic bag in the vacant house.

To charge as requested would be singling out certain evidence and would constitute a comment upon the weight of the evidence, hence improper. Art. 658, Vernon's Ann. C.C.P.; 12 Tex. Dig., Criminal Law, Key No. 763(6).

We have carefully considered the other contentions presented by the appellant and are of the opinion that they do not reflect error.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.