**Audrey Hanna HANDLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44818.**

Court of Criminal Appeals of Texas.

April 12, 1972.

Rehearing Denied June 21, 1972.

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Calvin Botley and Warren White, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal results from a conviction for unlawful possession of narcotic paraphernalia where the punishment was assessed at 4 years.

The sufficiency of the evidence is not challenged.

Initially, appellant contends that the court erred in overruling her motion to quash the indictment on the ground that

the allegation "double edge razor blade and five yellow pieces of cellophane paper" are "narcotic paraphernalia" is merely "a conclusion" of the pleader. No authorities are cited and no other argument is advanced.

The indictment alleged in part that the appellant "on or about 18th day of January A.D., 1967, in said County and State, did then and there unlawfully possess for the purpose of subcutaneous injection of narcotic drugs in a human being, narcotic paraphernalia, to wit: two plastic hypodermic syringes, one needle, one double edge razor blade and five yellow pieces of cellophane paper, adapted for such use."

Art. 725b, § 2(c), Vernon's Ann.P.C., provides in part (the exceptions being eliminated) that

"It shall be unlawful for any person . . . at any time to have, or possess a hypodermic syringe or needle or any instrument adapted for the use of narcotic drugs by subcutaneous injections in a human being and which is possessed for that purpose, . . ."

■ The indictment clearly charged an offense when it alleged that the appellant possessed narcotic paraphernalia, to wit: two hypodermic syringes and a needle. The phrase in the indictment complained of by the appellant can be treated as surplusage. Henley v. State, 387 S.W.2d 877, 878 (Tex.Cr.App.1964).

". . . Unnecessary words and allegations not essential to the charge of the offense may be considered as surplusage and disregarded where they may be omitted entirely without affecting the charge against the accused. . . ." 30 Tex.Jur.2d Indictment and Information § 25, pp. 576–577.

We need not pass upon the question of whether the razor blade and cellophane papers constitute "any other instrument" as provided by the statute. The proof showed that all the items alleged bore a residue of heroin and the chemist testified, without objection, that all items examined were adapted for the use alleged.

We overrule appellant's initial and specific contention that the court erred in refusing to quash the indictment.

Next, appellant complains of the trial court's failure to grant a mistrial when the prosecutor offered the State's entire file into evidence.

On cross examination of Officer Garcia, the appellant requested the police offense report the officer had assisted in making for the purpose of cross examination and possible impeachment. The prosecutor, in the jury's presence, handed the entire State's file including the offense report to appellant's counsel. After briefly studying the same, appellant's counsel commenced to cross examine the witness from the offense report but was unsuccessful in his attempt to impeach Officer Garcia. At the conclusion of the cross examination, the prosecutor offered the entire State's file into evidence. The objection thereto was promptly sustained and the jury was instructed to disregard the offer, but the motion for mistrial was denied.

■ The appellant was entitled to the offense report as requested under the Gaskin Rule (Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467 (Tex.Cr.App.1962)). In taking advantage of the rule, he should not have been taken advantage of in return by the prosecutor in offering the entire file which may have contained many inadmissible matters thereby causing the appellant to object in the jury's presence. *Cf.* Reagan v. State, 423 S.W.2d 335 (Tex.Cr. App.1967).

■ Nevertheless, in view of the prompt instruction of the court to disregard the offer, and the fact the contents of the file, save the offense report, was not made known to the jury, we perceive no reversible error.

Appellant also claims the court erred in failing to instruct the jury on her "failure to testify at the punishment hearing."

■ The court did instruct the jurors in its charge at the guilt stage of the proceedings as to the law concerning an accused's failure to testify but he did not repeat such instructions at the hearing on punishment. Appellant acknowledges that she did not object or offer a special requested charge as required by Articles 36.14 and 36.15, Vernon's Ann.C.C.P., but she contends the failure to so charge was fundamental error. We cannot agree. In 31 Tex.Jur. 2d Instructions § 163, p. 744, it is written that although the court may charge the jury not to consider the failure of an accused to testify ". . . the court is under no duty to give an instruction on the failure of the defendant to testify in his behalf, and omission to charge on the subject does not constitute prejudicial error. . . ."

Further, the trend today seems to be for the appellant to complain about the giving of the charge not the omission thereof. *Cf.* Smith v. State, 455 S.W.2d 748, 754 (Tex.Cr.App.1970); Hill v. State, 466 S. W.2d 791, 793 (Tex.Cr.App.1971).

Appellant further contends the court erred in failing to grant her mistrial motion after a witness was asked if he knew of his own knowledge that narcotic addicts used a method by which they just poured the heroin into an open wound and he answered: "I imagine it could be used that way. I have never seen it used that way."

Though the question was asked, over objection, the court, after the answer was given, instructed the jury to disregard the question and the answer.

The motion for mistrial was denied.

■ The question asked on re-direct examination followed on the heels of numerous questions on cross examination concerning the possible use of a syringe without a needle for injecting heroin into a human body particularly if there was a wound.

In view of the court's instructions, we perceive no error.

Still further, appellant contends the court erred in refusing to strike the entire testimony of the Chemist, Robert F. Crawford.

This contention is based on appellant's claim that part of the analysis of the narcotic paraphernalia was conducted by one Bob Sommerfield or Sommerville and since he was not available for cross examination, the appellant was denied her right to confront the witness against her, as well as due process.

Crawford, a Chemist with the City of Houston Police Department, testified that he performed the analysis himself and that Sommerville only assisted him; that he directed Sommerville to place his initials on the report.

■ We find no merit in the contention that Crawford's testimony as to the results of the analysis should have been stricken and a mistrial declared.

Lastly, appellant complains of three separate portions of the prosecutor's jury argument which are set forth in one ground of error.

■ First, we observe that the ground of error is multifarious and not in compliance with Art. 40.09, § 9, Vernon's Ann.C. C.P.

■ Second, we note that in all three instances, appellant's objection to the argument was sustained and the jury instructed to disregard it.

Lastly, our review of the argument convinces us that the argument complained of was proper, not objectionable, argument.

The judgment is affirmed.