**Michael Tiran LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46108.**

Court of Criminal Appeals of Texas.

May 1, 1973.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Conviction of robbery by assault by a jury on a plea of not guilty; punishment, life, enhanced because of a prior conviction of like character.

The sufficiency of the evidence is not challenged.

Appellant and Milton Lee McWilliams were shown to have committed an armed robbery at the Outer Limits Lounge in Houston on February 3, 1971. McWilliams had already pled guilty to the offense, and testified for the defense that appellant was not involved. At the time of the robbery, two police officers, Howard B. Holderrieth and his brother, Robert Holderrieth, not in uniform, were in the lounge. The robbers marched two hostages in ahead of

them, made all the people in the lounge lie down on the floor, and proceeded to take all valuables from them. They took from Howard B. Holderrieth his .38 caliber service revolver, and the evidence sufficiently showed they took from the lounge manager, Billy Ray Calley, a .22 caliber pistol. Appellant was positively identified by the two officers and one of the hostages as one of the robbers.

On February 9, 1971, Officer Bankston arrested appellant and McWilliams at the Rodeo Lounge in Houston. McWilliams at that time was armed with the .38 caliber service pistol taken from Officer Howard B. Holderrieth in the robbery at the Outer Limits Lounge. Appellant was armed with a .22 pistol. The .22 pistol was admitted in evidence as State's Exhibit No. 1, identified by Officer Bankston as the pistol he took from appellant.

Appellant's sole ground of error is that the court erred in admitting this .22 pistol in evidence.

Officer Bankston testified to having taken State's Exhibit No. 1 from the person of appellant at the Rodeo Lounge on February 9, 1971, when his companion was also arrested with the .38 pistol taken from Officer Howard B. Holderrieth in the instant robbery. He said he later on through his investigation determined State's Exhibit No. 1 was the same pistol also taken in the robbery. There was no objection to the latter testimony but only to the introduction of the .22 pistol in evidence.

When appellant testified, denying that he was one of the robbers, he said when he was arrested by Officer Bankston he had a .22 pistol, but denied that State's Exhibit No. 1 was the pistol taken from him by Officer Bankston.

In rebuttal the State called Doris Jean Calley, at the time of the robbery the wife of Billy Ray Calley. She was working with her husband in the lounge at the time of the robbery. She positively identified State's Exhibit No. 1, the .22 pistol,

as the one belonging to her husband, detailing certain holes and dents on it by which she recognized it. She said her husband put it in his belt shortly before the robbery, that when the robbery occurred her husband was made to lie on the floor with the others. The two officers had testified that all the people made to lie on the floor were searched.

Clearly, this evidence was sufficient to justify admission of the pistol in evidence.

We overrule appellant's ground of error and affirm the judgment.

Opinion approved by the Court.