James Leroy ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47001.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

Rehearing Denied Feb. 13, 1974.

---

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Mike McGuire, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for unlawfully carrying a pistol with punishment enhanced under Article 61, Vernon's Ann.P.C., to eighteen (18) months in the county jail.

The sufficiency of the evidence is not challenged.

Viewed in the light most favorable to the State and in support of the verdict of the jury, the record shows on November 15, 1971, the appellant was apprehended by University of Houston security officer A. A. Banghart after appellant was found attempting to enter a parked automobile on the University campus. Upon being confronted by Banghart, appellant refused, despite a request by Banghart, to produce any identification. Banghart then radioed

for assistance and was met by Sgt. Casey who was Banghart's superior. The appellant was then handcuffed and taken to the security office where he was searched. This search, conducted by Sgt. Casey, disclosed a .22 caliber pistol hidden in the clothing of the appellant. Houston police officers were summoned and the appellant was taken to jail. The pistol was also turned over to the Houston Police Department officer. On this appeal, appellant assigns eleven grounds of error.

In his ground of error number one, appellant complains that the court erred in not responding to his objections to the charge. He has grouped four examples of such alleged errors in one ground of error. Such general and multifarious grounds of error do not comply with Article 40.09, Section 9, Vernon's Ann.C.C.P., and nothing is thereby presented to us for review. Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728, and many cases collated in Note 34.4 under Article 40.09, V.A.C.C.P.

Secondly, appellant contends that the verdict of the jury on punishment is void in that it finds the appellant guilty as a "second offender." Appellant insists that this term is to be nowhere found in the court's charge to the jury on punishment and, therefore, the use of this term by the jury renders the verdict vague, indefinite and ambiguous.

In paragraph III of the charge of the court to the jury, we find the following language:

" . . . if you find from the evidence beyond a reasonable doubt that prior to the commission of the offense of unlawfully carrying a pistol . . . for which you have found appellant guilty, the defendant was once before convicted of unlawfully carrying a pistol in Cause No. 230,270 . . . then you will find the defendant guilty as a *second offender* and set forth your verdict in the form provided for that purpose. . . ."

It is thus apparent that the language used by the jury in its verdict did, in fact, track the language of the court's charge. Thus, the jury's verdict is in no way vague or indefinite. Appellant's second ground of error is overruled.

■ Appellant's next ground of error insists that the sentence of the trial court is void since it recites that he was sentenced as a *third offender* when, in fact, the jury found him guilty as a second offender under the provisions of Article 61, V.A.P.C. The judgment herein properly recites that the appellant was found guilty as a second offender and, therefore, this Court is empowered to reform the sentence to properly reflect that appellant was found guilty as a *second* offender. Article 42.09, V.A.C.C.P.; Turner v. State, Tex. Cr.App., 485 S.W.2d 282.

■ In his fifth ground of error, appellant asserts that inadmissible hearsay was allowed to be placed into the record·when Officer Casey was permitted to testify over objection that Officer Banghart had told him that the appellant would not identify himself.

This record supports the fact that the above testimony was admitted over objection. However, we also observe from the record that Officer Banghart testified to exactly the same facts without objection. Any error in the admission of this evidence was thus rendered harmless since the same facts were proven by other testimony not objected to. Bain v. State, Tex.Cr. App., 492 S.W.2d 475; Green v. State, Tex.Cr.App., 488 S.W.2d 805.

Under his sixth ground of error, appellant urges that the conviction should be reversed since the trial court permitted the pistol to be introduced into evidence even though the State had failed to properly prove chain of custody of the pistol.

■ Ordinarily, when an object is easily identifiable as being a particular item, such as a pistol, chain of custody need not be shown if there is direct evidence at the trial that the pistol sought to be introduced into evidence is the same pistol taken from the accused at the scene of the crime. Lewis v. State, Tex.Cr.App., 493 S.W.2d 778; Garcia v. State, Tex.Cr.App., 453 S. W.2d 822. See Fulcher v. State, 163 Tex. Cr.R. 177, 289 S.W.2d 588. Here, Officer Banghart, a security officer for the University of Houston, testified that he observed his superior, Sgt. Casey, search the appellant subsequent to his arrest, and that a .22 caliber pistol was recovered. Further, he testified that this pistol was turned over to a Houston policeman who came to arrest the appellant though he was unable to name that officer. Officer Slay, a Houston policeman, testified that he arrested appellant at the University of Houston security office the day in question and that he was given a .22 caliber pistol by Sgt. Casey which he marked for identification on the bottom. He then positively identified State's Exhibit No. 1 as the pistol he marked at the time of appellant's arrest at the University of Houston security office.

■ In regard to the period of time from the time appellant was taken into custody by Houston police and the pistol marked by Officer Slay until the time of the trial, the rule of Lewis v. State, supra, and Garcia v. State, supra, is applicable and no showing of chain of custody was required since Slay positively identified the pistol. As to the period of time between the moment appellant was searched by University of Houston security officers and the pistol recovered and the time the pistol was marked by Officer Slay, we find that there is sufficient evidence in the record to show an unbroken chain of custody of the pistol and therefore hold that the trial court properly admitted State's Exhibit No. 1 into evidence. No error is shown.

Appellant's seventh ground of error complains that two statements made by the prosecutor during his final argument to the jury constituted comments on his failure to testify. The first of these arguments was

when the prosecutor said in regard to whether or not the pistol would fire:

"It is not on the State to prove the pistol works. I was trying to do it but it is a defensive issue that Mr. O'Dowd and the Defendant to raise that; . . ."

The second argument of the prosecutor of which appellant complains was in regard to whether the appellant owned the car which it was alleged he was attempting to break into at the time of his arrest. This argument was:

"Ladies and gentlemen, I ask you, has there been any evidence that it was his car?"

It is well established that before this Court will find an argument of the prosecutor to have been a comment on the failure of the defendant to testify the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the defendant's failure to testify must be a necessary one. It is not sufficient that the language might be so construed. Ramos v. State, Tex.Cr.App., 419 S.W.2d 359; Armstrong v. State, Tex.Cr.App., 502 S.W.2d 731 (1973). See also Hardy v. State, Tex.Cr.App., 496 S.W.2d 635.

Neither of the above quoted arguments *necessarily* refers to the defendant's failure to testify. Obviously, other evidence might have been offered on these subjects, hence, the arguments did not necessarily refer to appellant's failure to testify. We overrule appellant's seventh ground of error.

In ground of error number eight, appellant complains that the trial court erred in failing to grant a mistrial when the prosecutor made the following remark during final arguments before the jury:

"The State has brought all the witnesses that it had possible to tell you about what happened out there."

Appellant urges that the above statement was unsworn testimony by the prosecutor and requires a reversal of this case despite the fact that the trial judge sustained an objection to the argument and instructed the jury to disregard it. We disagree. An instruction to the jury to disregard jury argument is ordinarily sufficient to cure any error. Hunnicutt v. State, Tex.Cr. App., 500 S.W.2d 806; Hughes v. State, Tex.Cr.App., 493 S.W.2d 166. Here, we deem the court's action to have been sufficient to cure the error. Appellant's eighth ground of error is overruled.

Appellant next urges that the trial court reversibly and fundamentally erred in failing to give a jury charge on the right of the defendant not to testify. He cites no authority for this proposition. Neither an objection to the charge nor a special requested charge on this issue can be found in the record as required by Articles 36.14 and 36.15, V.A.C.C.P. This fact alone would ordinarily preclude review by this Court. Anzaldua v. State, Tex.Cr. App., 502 S.W.2d 19 (1973); Harris v. State, Tex.Cr.App., 465 S.W.2d 175. However, appellant, apparently cognizant of this fact, insists that the failure to give this charge constituted fundamental error. Appellant is incorrect in this assertion. In 31 Tex.Jur.2d, Instructions, Section 163, page 744, it is written that although the court may charge the jury not to consider the failure of an accused to testify ". . . the court is under no duty to give an instruction on the failure of the defendant to testify in his behalf, and omission to charge on the subject does not constitute prejudicial error. . . ." Further, as pointed out in an opinion of this Court written by Presiding Judge Onion in Handley v. State, Tex.Cr.App., 480 S.W.2d 738, the trend today seems to be for the defendant to complain about the giving of this charge rather than the converse.

In his fourth and ninth grounds of error, appellant contends that the trial

court erred in overruling appellant's motion to suppress the introduction of the pistol into evidence. Again, no authority is cited. We find this contention to be without merit. Appellant was legally detained under Article 14.03, V.A.C.C.P., providing for the arrest of persons found "in suspicious places and under suspicious circumstances." The search and subsequent seizure of the pistol was nothing more than a search incident to that arrest and fruits of that search were proper evidence. Baity v. State, Tex.Cr.App., 455 S.W.2d 305, certiorari denied, 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158. Appellant's ninth ground of error is overruled.

■ Finally, appellant urges this Court to reverse his conviction for the reason that the trial court erred in receiving a verdict from the jury in excess of one year in jail since none of the exhibits by which the State sought to prove its enhancement allegation under Article 61, V.A.P.C., were formally "admitted" into evidence. The record reflects that at the punishment stage of the trial the State offered into evidence certified copies of a judgment and sentence from a prior misdemeanor conviction of one James Leroy Smith for unlawfully carrying a pistol. In addition, the State offered into evidence Harris County jail cards likewise bearing the name of James Leroy Smith and bearing fingerprints. Appellant was fingerprinted during this hearing and these prints were also offered into evidence. Expert testimony established that the appellant and the James Leroy Smith previously convicted of the same offense was the same person.

The record further reflects that at the time these documents were offered into evidence no objection was interposed by appellant's counsel but also no specific ruling "admitting" them into evidence was recited by the trial judge. From this fact stems appellant's contention that the previous offense was not properly proven and thus the jury's verdict was in excess of that provided by law for the offense charged.

We observe that appellant and the assistant district attorney signed an agreement stipulating that the "preceding pages" (which included the exhibits in question) were true, complete and correct. Furthermore, the record without objection was approved. In addition, the exhibits are visibly marked as State's Exhibits.

From the foregoing facts, we can reach but one conclusion and that is that the judgment and sentence from the previous conviction for carrying a pistol were properly included in the record before us. Thus, the verdict of the jury assessing punishment at eighteen (18) months was within the range provided by Article 61, V.A.P.C.

Appellant's eleventh ground of error is overruled.

The sentence herein is reformed to recite that appellant is the same person heretofore once convicted, instead of twice convicted.

As so reformed, the judgment is affirmed.