James Frederick GENTSCH, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–613CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 5, 1983.

Thomas M. Roberson, Houston, for appellant.

J. Sidney Crowley, Kay Burkhalter, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant was convicted for aggravated kidnapping and the jury assessed punishment, enhanced by two prior convictions, at imprisonment for life.

In his first ground of error, appellant contends the trial court erred by admitting evidence regarding an extraneous offense of assault. The record reflects the following testimony was elicited from complainant:

Q: Why did you make that decision?

A: Because of the kind of person he was and the things he did to me.

Q: Would you tell us what he did to you?

A: I object to that, your Honor.

The Court: Overruled, counsel.

Mr. Stephanow (defense counsel): Note our exception.

Q: Go ahead.

A: He hit me on a number of occasions.

Mr. Stephanow: Renew my objection as calling for an extraneous offense. . . .

Appellant's objection to the testimony failed to specifically point out the grounds for objection. An objection must not only identify what is objected to but also must set forth grounds for the objection. *Hernandez v. State,* 599 S.W.2d 614 (Tex.Cr. App.1980) (On State's Motion for Rehearing); *Evans v. State,* 480 S.W.2d 387 (Tex. Cr.App.1972). Appellant's first ground of error is overruled.

■ In grounds of error two and three, appellant argues the trial court erred in admitting evidence of a second extraneous offense of assault by appellant and an extraneous offense of attempted burglary. The state elicited testimony from the complainant during its case-in-chief that appellant had on one occasion tried to drag complainant downstairs to his apartment and had tried on many occasions to break into complainant's apartment.

We do not find it necessary to determine whether the above-mentioned extraneous offenses were admissible. Subsequent to the introduction over objection of the extraneous offenses in question, appellant urged the Court to declare a mistrial. The Court overruled the motion but instructed the jury to disregard for all purposes any testimony concerning the appellant's purported assaults and attempts ·to break into complainant's apartment. Such an instruction should have been adequate to cure any error.

■ However, even if the court's instruction to disregard was insufficient, any error made by admitting the extraneous offenses was harmless. The evidence of appellant's guilt is both overwhelming and undisputed in the instant case, even without the extraneous offenses. Appellant did not testify, nor did he present any controverting evidence that would impugn the State's case. In addition, the jury found two prior felony convictions to be true; therefore, an automatic life sentence was imposed by law. Tex.Penal Code Ann. § 12.42(d). A judg-

ment will not be reversed due to the erroneous admissions of evidence that did not injure the defendant; the question is whether there is a reasonable probability that the evidence complained of might have contributed to the conviction. *Prior v. State,* 647 S.W.2d 956 (Tex.Cr.App.1983); *Esquivel v. State,* 595 S.W.2d 516, 529 (Tex. Cr.App.1980). We conclude that, even if the extraneous offenses were admitted erroneously, they did not contribute to the jury finding of guilt nor to the punishment assessed. Therefore, we overrule appellant's second and third grounds of error.

■ In ground of error four, appellant contends the Court erred in admitting into evidence appellant's statement, made during the course of the kidnapping, that he had stabbed his ex-wife's husband. The prosecutor elicited the following testimony:

Q: Did he ever threaten or tell you about other people he had killed?

A: Yes.

Q: What did he tell you?

A: He told me that he had stabbed his ex-wife's husband.

Mr. Stephanow (appellant's counsel): Your Honor, we would also object to this as calling for an extraneous offense.

The Court: Sustained.

We find the statement regarding the extraneous offense to be part of the *res gestae* of the charged offense; therefore, it was admissible as an exception to the general rule prohibiting the admission of extraneous offenses. *Alvarez v. State,* 511 S.W.2d 493 (Tex.Cr.App.1973); *Bachhofer v. State,* 633 S.W.2d 869 (Tex.Cr.App.1982). We overrule appellant's fourth ground of error.

■ In his fifth ground of error, appellant complains the trial court erred by failing to limit the jury's consideration of the extraneous offenses admitted into evidence. This ground of error is not before this court for review because appellant failed to make a timely objection to the court's charge at the time of trial with regard to any of the extraneous offenses. *Corbell v. State,* 508 S.W.2d 86 (Tex.Cr.App.1974); *Martin v. State,* 489 S.W.2d 282 (Tex.Cr.App.1973).

In his sixth ground of error, appellant complains the trial court erred when it did not instruct the jurors in its charge as to the law concerning appellant's failure to testify at the punishment phase of the trial. Appellant acknowledges that he made no objection nor requested a charge as required by Tex.Code Crim.Proc.Ann. arts. 36.14 and 36.15 (Vernon 1981). He contends, however, that failure to so charge the jury was fundamental error. We disagree. In the absence of a timely request or objection, the court is under no duty to give an instruction on defendant's failure to testify in his behalf. *Jaffrion v. State,* 501 S.W.2d 322 (Tex.Cr.App.1973), *Handley v. State,* 480 S.W.2d 738 (Tex.Cr.App.1972). We overrule appellant's sixth ground of error.

In addition to the brief filed by appellant's counsel, appellant has filed several pro se motions and briefs. There is no hybrid representation in Texas, *Rudd v. State,* 616 S.W.2d 623 (Tex.Cr.App.1981); therefore, appellant's pro se briefs present nothing for review. Nevertheless, in the interest of justice, we have examined the contentions asserted therein and find no error.

We affirm the judgment of the trial court.