# NO. 12-12-00164-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DELOIS BROWN CLEMMENTS,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Delois Brown Clemments appeals from her conviction for driving while intoxicated. In three issues, Appellant argues that the evidence is insufficient to support her conviction, that the trial court should have instructed the jury not to consider her failure to testify, and that the record does not support the court costs ordered by the trial court. The State did not file a brief. We affirm.

### BACKGROUND

Texas Department of Public Safety troopers arrested Appellant after she lost control of her vehicle and crashed into a fence on the side of a county road. The troopers determined that Appellant was driving and that she was intoxicated and arrested her for driving while intoxicated.

The Van Zandt County district attorney charged Appellant by information with the misdemeanor offense of driving while intoxicated. Appellant pleaded not guilty at her trial, but the jury found her guilty. The jury imposed a sentence of confinement in the county jail for ten days and a fine of five hundred dollars. This appeal followed.

In her first issue, Appellant argues that the evidence does not corroborate her extrajudicial confession that she operated a motor vehicle in a public place while she was intoxicated. Specifically, Appellant argues that there is no evidence to corroborate her statement that she was driving the motor vehicle.

**Applicable Law**

It has long been the law in Texas that an extrajudicial confession or statement is insufficient to support a conviction absent corroboration. *See Fisher v. State*, 851 S.W.2d 298, 302-03 (Tex. Crim. App. 1993) (en banc); *Lott v. State*, 131 S.W. 553, 555 (Tex. 1910); *Bordman v. State*, 56 S.W.3d 63, 71 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd). The corpus delicti rule is a common law, judicially created rule of evidence intended to ensure that a person will not be convicted based solely on his own false confession to a crime that never occurred. *See Salazar v. State*, 86 S.W.3d 640, 644 (Tex. Crim. App. 2002).

However, the quantum of independent evidence required to corroborate an extrajudicial confession need not be great or overwhelming. *See Bordman*, 56 S.W.3d at 71 (citing *Damian v. State*, 881 S.W.2d 102, 106 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd)); *see also Self v. State*, 513 S.W.2d 832, 835 (Tex. Crim. App. 1974). "So long as there is some evidence which renders the corpus delicti more probable than it would be without the evidence," the purpose of the corroboration requirement has been satisfied. *Gribble v. State*, 808 S.W.2d 65, 72 (Tex. Crim. App. 1990).

**Analysis**

Appellant is correct that no witness testified that she was operating the motor vehicle that had crashed into a fence. However, there was other evidence to corroborate Appellant's statement to the troopers that she was driving the vehicle. *See Laster v. State*, 275 S.W.3d 512, 522-23 (Tex. Crim. App. 2009) (fact finder may draw reasonable inferences from the evidence and choose which inference is most reasonable). Trooper Matthew Skinner testified that he was dispatched to the wreck. He testified, without objection, that the dispatcher told him a reckless driver had exited Interstate 20 and been in a wreck. He came upon Appellant standing outside her vehicle, wrecked in a ditch, but un a location close enough to Interstate 20 that he could see the highway from the location of the wreck. Skinner testified that based on the dispatch report of

Appellant's driving, he arrived at the scene of the wreck within, at a maximum, five to seven minutes.

In addition, Appellant admitted drinking beer that day, and she smelled of an alcoholic beverage. There was no other person present who could be the driver, and there were not any alcoholic beverages in the car. Accordingly, a rational finder of fact could draw the inference that Appellant was the person who was driving the vehicle. Said another way, her own statement that she was driving the vehicle was corroborated by the circumstances surrounding her apprehension.

Other courts that have considered instances where the driver was not found driving the vehicle have concluded that the driver's confession was adequately corroborated by the circumstantial evidence present in those cases. *See*, *e.g.*, ***Zavala v. State***, 89 S.W.3d 134, 137 (Tex. App.–Corpus Christi 2002, no pet.) (defendant's ownership and possession of vehicle sufficient to corroborate extrajudicial confession); ***Folk v. State***, 797 S.W.2d 141, 144 (Tex. App.–Austin 1990, pet. ref'd) (evidence that wrecked vehicle was registered to person with whom defendant lived sufficient to corroborate his admission that he was driving vehicle); *see also* ***Patterson v. State***, No. 12-05-00429-CR, 2006 Tex. App. LEXIS 6091, at *8 (Tex. App.–Tyler July 12, 2006, no pet.) (mem. op., not designated for publication) (extrajudicial admission of driving corroborated when trooper arrived on scene shortly after accident, no other person was present who could have been operating defendant's vehicle, defendant smelled of alcohol, and no alcoholic beverages were present). Because the evidence corroborated Appellant's admission that she was driving, we overrule Appellant's first issue.

## JURY CHARGE

In her second issue, Appellant argues that the trial court erred when it did not instruct the jury that it could not consider Appellant's decision not to testify. We disagree.

Both the United States and the Texas constitutions guarantee that the accused in a criminal case may not be compelled to give self–incriminating testimony. *See* U.S. CONST. AMEND. V, cl. 3; TEX. CONST. art. I, § 10; *see also* TEX. CODE CRIM. PROC. ANN. arts. 1.05, 38.08 (West 2005). The Fifth Amendment guarantee is applicable to the states through the Fourteenth Amendment to the United States Constitution. ***Carter v. Kentucky***, 450 U.S. 288,

297, 101 S. Ct. 1112, 1117, 67 L. Ed. 2d 241 (1981); *see also* **Malloy v. Hogan**, 378 U.S. 1, 8, 84 S. Ct. 1489, 1494, 12 L. Ed. 2d 653 (1964).

To protect a defendant's Fifth Amendment right not to testify, the Supreme Court has held that a defendant is entitled to have a trial court instruct the jury not to draw an adverse inference from a defendant's failure to testify. *See* **Carter**, 450 U.S. at 300, 101 S. Ct. at 1119; *see also* **Beathard v. State**, 767 S.W.2d 423, 432 (Tex. Crim. App. 1989). However, the Supreme Court noted that the instruction must be requested, *see* **Carter**, 450 U.S. at 300, 101 S. Ct. at 1119, and the court of criminal appeals has recognized that there might be instances where a defendant may not wish to have such an instruction. *See* **Rogers v. State**, 486 S.W.2d 786, 788 (Tex. Crim. App. 1972); **Hill v. State**, 466 S.W.2d 791, 793 (Tex. Crim. App. 1971); **Peoples v. State**, 459 S.W.2d 868, 869 (Tex. Crim. App. 1970).

Appellant did not request a jury instruction on the issue of her election not to testify and stated that she had no objection to the proposed jury charge. Appellant does not identify any appellate decisions holding that it is error not to instruct the jury on this issue in the absence of a request, and we have found none. In fact, Texas courts that have considered the issue have held that it is not error not to give an instruction when it is not requested. *See* **Anderson v. State**, 504 S.W.2d 507, 511 (Tex. Crim. App. 1974); **Jaffrion v. State**, 501 S.W.2d 322, 326 (Tex. Crim. App. 1973); **Duke v. State**, 365 S.W.3d 722, 727 (Tex. App.–Texarkana 2012, pet. ref'd); **Michaelwicz v. State**, 186 S.W.3d 601, 623 (Tex. App.–Austin 2006, pet. ref'd); **Ulloa v. State**, 901 S.W.2d 507, 510 (Tex. App.–El Paso 1995, pet. ref'd); **Tatum v. State**, 666 S.W.2d 181, 183 (Tex. App.–Corpus Christi 1984, no pet.); **Gentsch v. State**, 654 S.W.2d 768, 771 (Tex. App.– Houston [14th Dist.] 1983, no pet.); *cf.* **Durham v. State**, 153 S.W.3d 289, 293 (Tex. App.– Beaumont 2004, no pet.) (error not to give instruction upon request); **Stewart v. State**, 666 S.W.2d 548, 549 (Tex. App.–Dallas 1984, pet. ref'd) (same).

In conclusion, there is no error. The trial court was not required to instruct the jury regarding Appellant's failure to testify because Appellant did not request an instruction on that subject. *See* **Posey v. State**, 966 S.W.2d 57, 60-64 (Tex. Crim. App. 1998) (appellate court review for egregious error required only if the charge contains error). We overrule Appellant's second issue.

4

## COURT COSTS

In her third issue, Appellant argues that the record is insufficient to support the imposition of court costs because it does not contain a bill of costs. Therefore, she argues, we must delete the court costs from the judgment.

**Applicable Law**

We measure the sufficiency of the evidence supporting an order of court costs by reviewing the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). The imposition of court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM PROC. ANN. art. 42.16 (West 2006); *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Court costs are supported if there is a bill of costs denominating the amount assessed and if those costs are authorized by statute. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.002 (West 2006).

**Analysis**

Appellant's complaint that the record did not contain a bill of costs is now moot because the clerk has prepared a bill of costs, which is now included in the record. By statute, a bill of costs must be certified and signed when a criminal action is transferred or appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Accordingly, the supplementation of the record with a bill of costs is appropriate and provided for by rule. *See* TEX. R. APP. P. 34.5(c). We have reviewed the bill of costs. The bill of costs supports the judgment's recitation of court costs in the amount of $366.25. Therefore, the evidence is sufficient to support the trial court's order of court costs, and we overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.

### SAM GRIFFITH
Justice

Opinion delivered September 4, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

## SEPTEMBER 4, 2013

## NO. 12-12-00164-CR

**DELOIS BROWN CLEMMENTS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law
of Van Zandt County, Texas. (Tr.Ct.No. 2009-00905)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*