Daniel L. HAWKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 67875.

Court of Criminal Appeals of Texas, En Banc.

June 22, 1983.

Rehearing Denied Sept. 14, 1983.

William O. Wuester, Fort Worth, for appellant.

Patricia A. Elliott, Dist. Atty. and Michael B. Watson, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for fraudulently failing to disclose material facts in the sale of securities, Art. 581–29, V.A.C.S. Punishment was assessed at four years and appellant was granted probation.

Four grounds of error are raised on appeal. Two assert fundamental error in the indictment; one complains of denial of a jury charge on the defense of good faith; one challenges the sufficiency of the evidence.

Appellant was charged in a multicount indictment. He was convicted under count 4, which alleged:

"... that FRANK KELLY and DANIEL L. HAWKINS, acting together on or about the 28th day of February, A.D., 1979, and before the presentment of this indictment, in said County and State, did then and there unlawfully, fraudulently, intentionally and knowingly sell and offer for sale to ZANE WILLIAMS a security,

"A Working Interest in Mines located in County of Pershing, State of Nevada, as described by Agreement No. 15171, dated 28th of February, 1979, as follows:

[copy of instrument]

"and the said FRANK KELLY and DANIEL L. HAWKINS, acting together, did then and there commit fraud upon the said ZANE WILLIAMS by willfully, fraudulently, intentionally and knowingly failing to disclose that:

"1. FRANK KELLY had been convicted in Harris County, Texas, in April,

1978, of fraudulently misrepresenting and selling securities; and

"2. Investor money would be used for purposes other than mining operations conducted by Majestic Geo Mining Co.

"and the said information being then and there well known by the said FRANK KELLY and DANIEL L. HAWKINS, and the said FRANK KELLY and DANIEL L. HAWKINS then and there intentionally failed to disclose said information for the purpose of inducing the said ZANE WILLIAMS to purchase said security and the said information being material fact;"

■ The prosecution was brought under the penal provisions of the Securities Act, which provide in relevant part:

"Any person who shall:

" . . .

"C. In connection with the sale, offering for sale or delivery of, the purchase, offer to purchase, invitation of offers to purchase, invitations of offers to sell, or dealing in any other manner in any security or securities, whether or not the transaction or security is exempt under Section 5 or 6 of this Act, directly or indirectly (1) engage in any fraud or fraudulent practice, or (2) employ any device, scheme, or artifice to defraud, or (3) knowingly make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or (4) engage in any act, practice or course of business which operates or will operate as a fraud or deceit upon any person, is guilty of a felony and upon conviction shall be imprisoned for not more than 10 years, or fined not more than $5,000, or both." Art. 581–29(C), V.A.C.S.

In his first ground of error challenging the sufficiency of the indictment, appellant asserts it is fundamentally defective for failure "to include the statutory language that the material facts which defendant failed to disclose, 'were necessary in order to make the statements made, in light of

the circumstances under which they were made, not misleading.'" It is apparent from his argument under this ground of error that appellant is basing his position on the erroneous premise that this prosecution was founded on Art. 581–29(C)(3), supra. This prosecution rests on Art. 581–29(C)(1). It alleges appellant committed a fraud in the sale and offer for sale of a security. It specifically alleges two items not disclosed, and then further alleges he "intentionally failed to disclose said information for the purpose of inducing the said ZANE WILLIAMS to purchase said security and the said information being material fact." Art. 581–4(F) defines "fraud" and "fraudulent practice" for purposes of the Securities Act. Included in that definition is "an intentional failure to disclose a material fact." This is the theory under which appellant was charged and convicted. It was not necessary to allege as well the elements of a distinct theory under Art. 581–29(C)(3). The first ground of error is overruled.

■ The other ground of error challenging the indictment asserts it fails to state "to whom the alleged failure to disclose material facts was made." It is clear from the indictment as quoted above that it alleges appellant committed a fraud upon Zane Williams by failing to disclose certain material facts. We think it obvious that this alleges a failure to disclose those facts to the person allegedly defrauded by that failure, i.e., Zane Williams. The ground of error is without merit.

■ We turn next to the ground of error complaining of denial of a charge on good faith. Appellant's request for the following charge was denied:

"Good faith is a complete defense to the crimes alleged in the indictments. In determining whether a given defendant acted in good faith or with the intent to commit the violations alleged, you should consider all the facts and circumstances in the case at bar upon such issue, such as the defendant's apparent age, his previous experience and education, his familiarity or lack of familiarity with the

books, records, contracts and documents of Frank Kelly and K and D Industries, Inc., his desire or lack of desire to effect the required registrations with the Texas Securities Board, including the expense and time involved, his knowledge or lack of knowledge of the financial condition of Frank Kelly and K and D Industries, Inc., and the extent to which he may reasonably have relied upon the statements and advise [sic] of others, including professionals and experts, if any."

This ground of error is without merit for several reasons. First it is not proper for a charge to single out certain testimony, as this would constitute an improper comment on the weight of the evidence. Art. 36.14, V.A.C.C.P. *Fulcher v. State,* 163 Tex.Cr.R. 177, 289 S.W.2d 588, 591 (1956); *DeLeon v. State,* 150 Tex.Cr.R. 391, 201 S.W.2d 816, 819 (1947). See also *Johnson v. State,* 510 S.W.2d 944 (Tex.Cr.App.1974); *Plunkett v. State,* 580 S.W.2d 815 (Tex.Cr.App.1978).

Second, to the extent that a defense of good faith may raise an issue under V.T.C.A., Penal Code Sec. 8.02 on mistake of fact, see *Jackson v. State,* 646 S.W.2d 225 (Tex.Cr.App.1983) no such issue was raised in this case. The two matters alleged in this case to be material facts that appellant intentionally failed to disclose were unquestionably known to appellant. There is no evidence that appellant held *any* belief to the contrary of the allegedly undisclosed material facts, much less that he had formed a reasonable belief to the contrary, as required by Sec. 8.02(a), supra.

Third, to the extent that appellant in his argument under this ground of error relies on representations made to him by certain attorneys, no good faith defense predicated on mistake of law under V.T.C.A., Penal Code Sec. 8.03(b) was presented. That statute requires reliance on a narrow class of official statements or interpretations of the law. See *Knorpp v. State,* 645 S.W.2d 892, 903 (Tex.App.—El Paso, 1983).

The ground of error is overruled.

In his remaining ground of error appellant challenges the sufficiency of the evidence. To the extent appellant argues the evidence is not sufficient under Art. 581–29(C)(3), supra, it is without merit because this prosecution was not brought under that provision. The greatest portion of the argument under this ground of error is addressed to his failure to tell Williams about Kelly's conviction for security fraud. The count of the indictment upon which appellant was convicted alleged two material facts that appellant did not disclose. Proof of either would support the conviction. It is not necessary to address the issue of the failure to disclose Kelly's conviction because it is clear from the record that the evidence is sufficient on the other failure to disclose. Williams was not told the $2500 he invested would be used for purposes other than the mining operations, but instead was told they would be used for that purpose. Yet appellant himself admitted that only $850 of the $2500 would be set aside for development of the properties, and that of the $1,500,000 to be raised in the sale of these securities roughly $1,000,000 was not for development of the mines, but was to be split between Kelly and appellant. The evidence is sufficient. The ground of error is overruled.

The judgment is affirmed.