ACCEPTED
03-15-00232-CR
7803373
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/12/2015 2:52:54 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00232-CR
## IN THE THIRD COURT OF APPEALS

### AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/16/2015 4:13:54 PM
JEFFREY D. KYLE
Clerk

**ALICIA NICOLE PEREZ,**

**Appellant**

**VS.**

**THE STATE OF TEXAS,**

**Appellee**

---

### APPELLANT'S BRIEF

---

**ORAL ARGUMENT
NOT REQUESTED**

**SUSAN SCHOON**
**Schoon Law Firm, P.C.**
**200 N. Seguin Avenue**
**New Braunfels, Texas 78130**
**PH:  (830) 627-0044**
**FAX: (830) 620-5657**
**susan@schoonlawfirm.com**
**State Bar No. 24046803**

**Attorney for Appellant**

# IDENTITY OF PARTIES AND COUNSEL

*Appellant:*                      Alicia Nicole Perez

*Attorney for Appellant:*       Susan Schoon
*(on appeal)*

*Attorney for Appellant:*       Veronica Legaretta
*(at trial)*

*Attorney for State:*           Daniel Palmitier, Assistant District Attorney

*Trial Court:*               Honorable Bruce Boyer
                                Judge
                                207th Judicial District

# TABLE OF CONTENTS

IDENTITY OF PARTIES..........................................................................................i

INDEX OF AUTHORITIES...................................................................................iii

STATEMENT OF THE CASE.................................................................................1

STATEMENT OF FACTS......................................................................................2

SUMMARY OF ARGUMENT...............................................................................4

PROFESSIONAL EVALUATION OF THE RECORD.........................................8

PRE-TRIAL OBJECTIONS...................................................................................5

VOIR DIRE...........................................................................................................5

TRIAL OBJECTIONS...........................................................................................6

PROCEDURAL TRIAL OBJECTIONS..............................................................10

JURY CHARGE...................................................................................................11

      Narrowing Party Liability..........................................................................11
      Joint Possession.........................................................................................12
      Objection to the Law of Parties Instruction...............................................17

SUFFICIENCY OF THE EVIDENCE..................................................................18

CONCLUSION.....................................................................................................18

PRAYER...............................................................................................................18

CERTIFICATE OF COMPLIANCE.....................................................................19

CERTIFICATE OF SERVICE..............................................................................19

# INDEX OF AUTHORITIES

**CASES**                                                                                             **PAGES**

*Abdnor v. State,*
871 S.W.2d 726, 731 (Tex.Cr.App. 1994)..................................................12

*Almanza v. State,*
686 S.W.3d 157 (Tex.Crim.App. 1985).....................................................14

*Anders v. California,*
386 U.S. 738 (1967)......................................................................................4

*Arline v. State,*
721 S.W.2d 348 (Tex. Crim. App. 1986)...................................................14

*Barron v. State,*
353 S.W.3d 879 (Tex. Crim. App. 2011)...................................................14

*Bloys v. State,*
2005 Tex. App. LEXIS 7188 (Tex. App. Austin Aug. 31, 2005)................7

*Brown v. State,*
122 S.W.3d 794 (Tex. Crim. App. 2003)...................................................14

*Celis v. State,*
416 S.W.3d 419 (Tex. Crim. App. 2013)...................................................13

*Cude v. State,*
716 S.W.2d 46 (Tex. Crim. App. 1986).....................................................14

*Dinkins v. State,*
894 S.W.2d 330 (Tex. Crim. App. 1995)...................................................12

*Evans v. State,*
202 S.W.3d 158 (Tex. Crim. App. 2006)...................................................10

*Flores v. State,*
440 S.W.3d 180 (Tex. App.—Houston [14th Dist.] 2013)........................13

*Gainous v. State,*
436 S.W.2d 137 (Tex.Crim.App. 1969)...................................................................4

*Gordon v. State,*
No. 02-11-00413-CR, 2012 Tex. App. LEXIS 7993
(Tex. App.—Fort Worth Sept. 20, 2012, no. pet.)....................................................14

*Griffin v. State,*
614 S.W.2d 155 (Tex.Crim.App. 1981). ...............................................................18

*Guzman v. State,*
955 S.W.2d 85 (Tex. Crim. App. 1997) .................................................................7

*Hawkins v. State,*
656 S.W.2d 70 (Tex. Crim. App. 1983)................................................................13

*Jacobs v. State,*
787 S.W.2d 397 (Tex. Crim. App. 1990)................................................................5

*Jackson v. Virginia,*
443 U.S. 307 (1979).............................................................................................18

*Kirsch v. State,*
357 S.W.3d 645 (Tex. Crim. App. 2012)..............................................................13

*Montgomery v. State,*
810 S.W.2d 372 (Tex. Crim. App. 1990)...........................................................8, 9

*Ngo v. State,*
175 S.W.3d 738 (Tex. Crim. App. 2005)..............................................................11

*Ross v. State,*
2013 Tex. App. LEXIS 44 (Tex. App. Fort Worth Jan. 4, 2013)...........................14

*Russell v. State,*
749 S.W.2d 77 (Tex. Crim. App. 1988)............................................................12, 13

*Stafford v. State,*
813 S.W.2d 503 (Tex.Crim.App. 1991)................................................................18

*State v. Mechler*,
153 S.W.3d 435 (Tex. Crim. App. 2005)...........................................................8

*Stull v. State*,
772 S.W.2d 449 (Tex. Crim. App. 1989)...........................................................7

*Vasquez v. State*,
389 S.W.3d 361 (Tex. Crim. App. 2012)..........................................................11

*Whaley v. State*,
717 S.W.2d 26 (Tex. Crim. App. 1986)...........................................................13

## STATUTES AND RULES

TEX.CODE CRIM.PRO Art. 14.01...........................................................7
TEX.CODE CRIM.PRO Art. 36.14...........................................................12
TEX. R. EVID. 403...........................................................8, 9
TEX. PENAL CODE Ann. Art. 6.01(b)...........................................................13

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

COMES NOW ALICIA PEREZ, Appellant in this cause, by and through her attorney of record, Susan Schoon, and pursuant to the provisions of TEX.R.APP.PRO. 38, et seq., files this brief on appeal.

## STATEMENT OF THE CASE

Alicia Perez, Appellant was indicted in Cause Number CR2012-603 for possession of a controlled substance. (CR 25)[1]

The jury found Appellant guilty, and the trial court assessed punishment at four years in the Texas Department of Corrections/Institutional Division. That sentence was suspended, and Appellant was placed on probation for four years. (CR 104)  Notice of Appeal was filed on April 17, 2015 (CR 95) The clerk's record was filed on 6/12/15 and the reporter's record was filed on 7/17/15.  Three motions for extension to file brief were granted by this court, with a final one submitted with this brief on this the 12th day of November, 2015.

---

[1] CR refers to Clerk's Record; RR refers to Reporter's Record.

## STATEMENT OF FACTS

At approximately 4:00 A.M. on June 25, 2012, Officer Chris Scott made a traffic stop on a vehicle in which Appellant was a front-seat passenger. (RR, Vol. 3, p. 28) As he was driving behind the car, he noticed "a lot of movement" from the front seat occupants. (RR, Vol. 3, p. 26) After the car stopped and the officer approached, he noticed a third person was "passed out" in the back seat. (RR, Vol. 3, pp. 27-28) The driver did not have a driver's license, and as Officer Scott was speaking with her, he saw a pipe sticking out of the area between the seat and the console. (RR, Vol. 3, p. 29) After calling for back-up, both the driver and Appellant were told to get out of the car. (RR, Vol. 3, p. 33, 35) The driver was searched, and found to be in possession of a bag of what was suspected to be methamphetamine. (RR, Vol. 3, p. 34) Appellant was detained and handcuffed while the officers woke up the back-seat passenger and got him out of the car. (RR, Vol. 3, pp. 35, 38) The officer immediately noticed a black magnetic box, typically used for hiding keys, sticking out of his front pocket. (RR, Vol. 3, p. 98; St.Ex. 2D) The box contained methamphetamine. (RR, Vol. 3, p. 40) Appellant spoke up and told the officer that the box belonged to her. (RR, Vol. 3, p. 41-43) When asked, she said that it contained methamphetamine. (RR, Vol. 3, pp. 41, 43, 54-55, 99; St.Ex.3) Syringes, butane lighters and "q-tips," which the officer testified were typically used for administering drugs, were found within Appellant's purse. (RR,

2

Vol 3, pp. 79, 100, 110, 190) A zippered, pink pouch containing a spoon with "residue" and burn marks was found in the car. (RR, Vol. 3, p. 80) All three occupants of the vehicle were arrested for possession of a controlled substance. At trial, the occupant of the back seat, Darwin Heidemeyer testified that he did not know how the black box got into his pocket. (RR, Vol. 3, p. 188) Appellant testified that she did not put it into his pocket, but claimed it to keep him from getting into trouble. (RR, Vol. 4, pp. 75-76) At trial, Appellant admitted that she knew there were drugs in the car, and admitted having planned to use them. (RR, Vol. 4, p. 101)

## SUMMARY OF ARGUMENT

**Professional Evaluation of the Record**

Counsel has reviewed the appellate record in this cause and reluctantly concludes that as a matter of professional judgment, the record contains no reversible error and no jurisdictional defects. Where counsel concludes that there are no arguable grounds for reversal, she is required to present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738 (1967); *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).

## PRE-TRIAL OBJECTIONS

There were no pre-trial motions heard, other than a motion in limine filed by Appellant regarding extraneous offenses, which the trial court granted. (RR, Vol. 2, p. 215) A motion to suppress evidence was carried with the trial. It is discussed in the "Trial Objections" section of this brief.

## VOIR DIRE

Appellant had no objection to the state's challenge for cause of one venireperson. All of Appellant's challenges for cause were granted, except one. (RR, Vol. 2, p. 199) However, even if this were error, it was not preserved because Appellant did not request additional peremptory strikes, or identify an objectionable juror that was seated on the panel. *See Jacobs v. State*, 787 S.W.2d 397 (Tex. Crim. App. 1990).

Appellant made two separate objections during the state's voir dire. (RR, Vol. 2, pp. 68, 95). The parties approached the bench; however, when asked by the court reporter whether the discussion needed to be on the record, both times defense counsel responded that it did not. When the state objected to a question asked by defense counsel during voir dire, again no record was made of the discussion or ruling. (RR, Vol. 2, p. 132). Therefore, nothing was preserved for appeal.

# TRIAL OBJECTIONS

## Motion to Suppress Evidence

Appellant moved to suppress all evidence stemming from her arrest due to lack of probable cause for the arrest. The trial court held a hearing to consider the motion during the trial, after Officer Scott had testified. (RR, Vol. 3, p. 171) After hearing evidence, the trial court denied the motion to suppress. (RR, Vol. 3, p. 176) Appellant's argument was that at the point that she was placed under arrest, Officer Scott had not linked her to the box of methamphetamine found hanging out of Darwin Heidemeyer's pocket. (RR, Vol. 3, p. 176) Her argument was that only after Officer Scott placed Appellant under arrest did he question her about which box she had been referring to when she had claimed that it was hers. The state argued, and the trial court agreed that Appellant had claimed the box containing methamphetamine while detained and handcuffed, but prior to being placed under arrest, giving Officer Scott the necessary probable cause. Further, they argued that Officer Scott knew which box she was referring to, and what it contained because he had already opened it and recognized the methamphetamine. (RR, Vol. 3, p. 40-41) After he placed the box on the back of the car, Appellant volunteered that it was hers, and he then read her the *Miranda* warning. (RR, Vol. 3, p. 41-43) His continued questioning after he placed her under arrest and gave her Miranda warnings simply served to further his investigation. (RR, Vol. 3, pp. 173-176)

6

A peace officer may arrest an offender without a warrant for any offense committed in his presence. TEX. CODE CRIM. PROC. Ann. Art. 14.01. The test for probable cause for a warrantless arrest is: "Whether at that moment the facts and circumstances within the officer's knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing the arrested person had committed or was committing an offense." *Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997) citing *Stull v. State*, 772 S.W.2d 449, 451 (Tex. Crim. App. 1989).

In *Bloys v. State*, the defendant admitted to the officer that he was unlawfully carrying a weapon in his car. This Court held that "appellant's admission that he was carrying a handgun in his vehicle was sufficient to give probable cause for his arrest . . ." 2005 Tex. App. LEXIS 7188, 2005 WL 2094740 (Tex. App. Austin Aug. 31, 2005)(not designated for publication).

Here, Officer Scott had seen what he believed to be methamphetamine, and Appellant volunteered that it was hers. Similar to *Bloys*, Appellant's admission would provide the necessary probable cause for her arrest.

Objection to State's Exhibits 7 and 8

Defendant objected to the admission of State's Exhibits 7 (a pink zippered pouch) and 8 (a spoon found within the pouch), arguing that because the items could not be linked to her, their admission was prejudicial and irrelevant. (RR, Vol.

3, pp. 106-108) The trial court treated this as an objection under Rule 403 of the Texas Rules of Evidence, stating for the record, "the question is if it's prejudicial to the point where it outweighs its probative value." (RR, Vol. 3, p. 108) Additionally, defendant objected that State's Exhibit 7 contained hearsay because of the initials "CL" on the pink bag. The court overruled both objections and instructed the jury to disregard any writing on State's Exhibit 7.

A trial court is entitled to broad discretion in ruling on a Rule 403 objection. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). Quoting *Montgomery v. State*, the Court referred to two significant rationales for affording the trial court this broad discretion: "First, Rule 403's language implies that a determination under this rule is inherently discretionary with the trial court. Rule 403 provides, in pertinent part, that relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.' TEX. RULE EVID. 403. The inclusion of the word 'may' displays the drafter's intent to vest the trial courts with substantial discretion. Second, the trial court is in a superior position to evaluate the impact of the evidence. Unlike the trial court, an appellate court 'cannot weigh on appeal ... the intonation and demeanor of the witnesses preceding the testimony in issue ... nor can we determine the emotional reaction of the jury to other pieces of evidence ....'" *Id.* at 439 quoting *Montgomery v. State*, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990).

An analysis under Rule 403 includes at least four factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Montgomery* at 389-90. While the trial court in this case did not specifically mention these factors, it is clear that his ruling admitting the evidence was not an abuse of discretion and would not be disturbed on appeal. The probative value of the evidence was in what the items contained and for what they were used. Both Officer Kuhl and Darwin Heidemeyer testified that they were used for injecting drugs. (RR, Vol. 3, pp. 190-91) They were found in the car in which appellant was a passenger, next to the console on the driver's side, but in appellant's reach. (RR, Vol. 3, p. 80) The probative value was in connecting Appellant and the others in the car to drug use. This factor would weigh in favor of admission. There was no clear danger of impressing the jury in an irrational manner, since the jury was provided an explanation for their probative value, and told where the items were found in the vehicle. This factor would weigh in favor of admission, as would the third factor—the time to develop the evidence was minimal. The final factor—the proponent's need for the evidence would likely favor admission, as well. Appellant volunteered at the scene that the drugs found in Darwin Heidemeyer's pocket were hers. However, at trial, she argued that she had lied to protect Darwin, and that the drugs were really his. (RR,

Vol. 4, pp. 75-76) Therefore, any additional evidence of drugs or drug paraphernalia, especially in the vicinity of Appellant would be necessary to link her to the contraband. "Mere presence at the location where drugs are found is thus insufficient, by itself, to establish actual care, custody, or control of those drugs. However, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g.," links"), may well be sufficient to establish that element beyond a reasonable doubt. It is, as the court of appeals correctly noted, not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006)

Therefore, in light of these factors, it would be unlikely that the trial court's ruling admitting the evidence would be deemed an abuse of discretion.

**PROCEDURAL TRIAL OBJECTIONS**

Appellant made several procedural objections throughout the trial, none of which rose to the level of error and/or harm. They were as follows: 1) "Hearsay" and "mischaracterization of evidence during state's opening;" (RR, Vol. 3, p. 11-14) 2) "Asked and answered;" (RR, Vol. 3, p. 36) 3) "Nonresponsive;" (RR, Vol. 3, p. 37-38) 4) "Nonresponsive;" (RR, Vol. 3, p. 137) and 5) "Relevance." (RR, Vol. 3, p. 138)

## JURY CHARGE

Appellant had a number of objections to the jury charge, two of which constituted error, but cannot be shown to have resulted in harm.

In reviewing a jury charge, the court must first determine if error occurred. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error is found, the Court then determines whether sufficient harm resulted from the error to require reversal. *See Ngo*, 175 S.W.3d at 743.

## NARROWING PARTY LIABILITY

First, Appellant made a request that the application paragraph of the jury charge narrow the party liability acts to only those shown by the evidence. This request was denied, and this was error. (RR, Vol. 4, p. 55-56, 60-61).

In *Vasquez v. State*, the Court of Criminal Appeals was clear:

> In sum, a general reference to the law of parties in the application paragraph is sufficient and is not error when the defendant does not object and request a narrowing of the specific statutory modes of conduct that constitute party liability—whether he "solicited, encouraged, directed, aided or attempted to aid" another specified person to commit the offense. But if the defendant does request that the application paragraph refer only to those specific party-liability acts that are supported by the evidence, then he is entitled to such a narrowing. The failure to narrow the specific modes of party-liability conduct when properly requested is reversible error if the defendant has suffered actual harm to his rights.
>
> 389 S.W.3d 361, 368-69 (Tex. Crim. App. 2012)

11

JOINT POSSESSION

Second, Appellant objected to the following paragraphs in the abstract portion of the jury charge regarding possession: "Possession is a voluntary act if the possessor knowingly obtains or received the thing possessed or is aware of his control of a thing for a sufficient time to allow him to terminate his control," and "Possession of contraband need not be exclusive to support a conviction of the unlawful possession of a controlled substance; evidence showing an accused jointly possessed contraband with another is sufficient." Her objection to these two paragraphs were that they were "improper as to their comment on the weight of the evidence." (RR, Vol. 4, p. 6-7; CR 84-85) The objections were overruled.

The trial court must charge the jury on the "law applicable to the case," which requires that the jury be instructed on each element of the offense charged. See TEX. CODE CRIM. PROC. art. 36.14; *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex.Cr.App. 1994); *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). By statute, the trial court must deliver to the jury a written charge "not expressing any opinion as to the weight of the evidence, not summing up the testimony [or] discussing the facts." TEX. CODE CRIM. PROC. art. 36.14

The Court of Criminal Appeals, citing Black's Law Dictionary, defines a comment upon the evidence as meaning that the "trial judge is prohibited from conveying to [the] jury [the] trial judge's personal opinion as to the truth or falsity

of any evidence . . ." *Russell v. State*, 749 S.W.2d 77, 78 (Tex. Crim. App. 1988). A charge that assumes the truth of a controverted fact issue comments on the weight of the evidence. *Whaley v. State*, 717 S.W.2d 26, 32 (Tex. Crim. App. 1986). An instruction is a comment on the weight of the evidence if it singles out a particular fact and instructs the jury it may consider that fact in determining an issue in the case. *Hawkins v. State*, 656 S.W.2d 70, 73 (Tex. Crim. App. 1983).

More specifically, the Court of Criminal appeals has held that if a jury instruction or definition originates from the penal code, it is "generally permitted because it is the applicable statute and, therefore, the 'applicable law,' as required by Article 36.14." *Celis v. State*, 416 S.W.3d 419 (Tex. Crim. App. 2013), citing *Kirsch v. State*, 357 S.W.3d 645, 651 (Tex. Crim. App. 2012). "By contrast, it is generally impermissible to instruct on terms not statutorily defined, and the trial court instead must permit the jury to construe them according to the rules of grammar and common usage." *Id*; *Flores v. State*, 440 S.W.3d 180, 195 (Tex. App.—Houston [14th Dist.] 2013)(overruled on other grounds).

Here, we have one of each. The first paragraph is taken out of the Penal Code: "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." TEX. PENAL CODE Ann. Art. 6.01(b). The second paragraph, "Possession of contraband need not be exclusive to support

a conviction of the unlawful possession of a controlled substance; evidence showing an accused jointly possessed contraband with another is sufficient" is not derived from any statute. Instead, it is a rule for assessing the sufficiency of the evidence. *Ross v. State*, 2013 Tex. App. LEXIS 44, 2013 WL 43992 (Tex. App. Fort Worth Jan. 4, 2013)(not designated for publication) citing *Gordon v. State*, No. 02-11-00413-CR, 2012 Tex. App. LEXIS 7993, 2012 WL 4121147, *2 n.14 (Tex. App.—Fort Worth Sept. 20, 2012, no. pet. h.) (mem. op., not designated for publication) (citing *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986), for the proposition that proof of joint possession is sufficient to prove possession).

"'Texas courts are forbidden from instructing the jury on any presumption or evidentiary sufficiency rule that does not have a statutory basis.'" *Ross* at *14, quoting *Brown v. State*, 122 S.W.3d 794, 799 (Tex. Crim. App. 2003). Thus, the trial court erred by including the "joint possession" definition in the jury charge.

HARM

Because Appellant objected, she is entitled to a new trial if the errors are not harmless, but "calculated to injure the rights of the defendant." *Almanza v. State*, 686 S.W.3d 157, 171 (Tex.Crim.App. 1985); *Barron v. State*, 353 S.W.3d 879, 883 (Tex. Crim. App. 2011)(quoting *Arline v. State*,721 S.W.2d 348, 351 (Tex. Crim. App. 1986) ("[T]he presence of any harm, regardless of degree, which results from preserved charging error, is sufficient to require a reversal of the conviction.")).

14

In reviewing for harm, the appellate court considers all of the evidence, the entire jury charge, and the parties' arguments. *Louis*, 393 S.W.3d at 271, 272.

The jury heard evidence and watched the video of the traffic stop and subsequent arrest. (St.Ex. 3 & 9; Def.Ex.2) In addition to claiming the methamphetamine as her own, in the video from the patrol car, Appellant says that she should have thrown the drugs from the car, and that she hopes she does not have anything on her. (RR, Vol. 4, pp. 85, 95)

Appellant's testimony was particularly damaging to her defense. Under cross-examination from the state, she admitted two times having lied during her direct testimony. (RR, Vol. 4, p. 80, 91) One of the lies concerned whether she knew there were drugs in the car. On direct, she said she did not know, but under cross, she admitted that she did know, and further knew it was methamphetamine. (RR, Vol. 4, p. 83, 91) Appellant admitted that she had needles commonly used to shoot methamphetamine in her purse, as well as "q-tips" used to filter the drug, and butane lighters. (RR, Vol. 4, p. 93) Finally, under cross, she admitted that she had planned to get high with her friends that night (RR, Vol. 4, p. 101)

This testimony was especially harmful in light of her defense—that she had lied to the officer and claimed the drugs, even though they were not hers, to keep her boyfriend from getting in trouble. (RR, Vol. 4, pp. 75-76)

The jury was charged on three alternate theories of appellant's guilt: 1) that she was guilty as the primary actor; 2) that she was guilty as a party, in that she intended to assist another party to possess methamphetamine and encouraged, solicited, directed, aided or attempted to aid in possession of methamphetamine; or 3) that she, with the requisite culpability, caused or aided an innocent or non-responsible party to engage in the prohibited conduct. (CR 84-88)

Based on the evidence and testimony, it is unclear how the failure to narrow the acts of party liability—whether she encouraged, solicited, directed, aided or attempted to aid—caused harm to Appellant because of the three alternative means charged. As the State pointed out in their closing:

> When you claim ownership of methamphetamines, when you're carrying a meth kit in your purse, when you're carrying syringes in your purse, when you admit to knowing about the methamphetamine in the vehicle, and you admit that your intent was to get high that night, that, ladies and gentlemen, is possession of a controlled substance in the state of Texas.
>
> When you put methamphetamine on another person, that's possession of a controlled substance in the state of Texas.
>
> And when you aid, attempt to aid, encourage, solicit someone else to commit the offense of possession of a controlled substance, that's also committing the offense of possession of a controlled substance.
>
> (RR, Vol. 4, p. 113)

16

## OBJECTION TO THE LAW OF PARTIES INSTRUCTION

Appellant objected to the inclusion of jury instructions regarding the law of parties. (RR, Vol.4, p. 10-11) Her argument was that since Darwin Heidemeyer claimed both at the time of the event, and at trial that he had no idea the drugs had been placed in his pocket while he was sleeping, there was no evidence from which the court could determine that two or more persons actively participated in committing the offense. "The defendant cannot aid in the commission of an offense if Darwin didn't—if the other party did not know it was being committed." (RR, Vol. 4, p. 11) The trial court overruled the objection, and instructed the jury on the law of parties. (CR 85-86)

Appellant's argument ignores her own testimony that, although she did not place the drugs in Darwin Heidemeyer's pocket, she was planning to get high that night with the other people in the car. (RR, Vol. 4, p. 101) From that testimony, as well as her statements from the patrol car—that she hoped she didn't "have anything on me," and that she should have thrown the drugs out of the car— as well as her admission that she lied on the stand about knowing whether there were drugs in the car, the trial court could find evidence to support a charge on the law of parties. (RR, Vol. 4, pp. 83-85)

## SUFFICIENCY OF THE EVIDENCE

As stated, Appellant admitted to the arresting officer that the drugs in the black box sticking out of Darwin Heidemeyer's pocket were hers. She possessed drug paraphernalia in her purse, and within her reach in the car. She testified that she was planning to get high with the people in the car. The evidence in this case is therefore legally sufficient to support the allegations. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Griffin v. State*, 614 S.W.2d 155 (Tex.Crim.App. 1981).

## CONCLUSION

Because counsel is unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991). Accompanying this brief is counsel's motion to withdraw on these grounds.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court permit her to withdraw after this Court's own examination of the record in this cause and to afford Appellant his right to file any *pro se* brief he may wish to file.

Respectfully Submitted:

_____
SUSAN SCHOON
Schoon Law Firm, P.C.
200 N. Seguin Avenue
New Braunfels, TX 78130
State Bar No. 24046803
PH:   (830) 627-0044
FAX: (830) 620-5657
susan@schoonlawfirm.com

Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

According to Microsoft Word's word count tool, this document contains 4080 words.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Brief was delivered to the District Attorney of Comal County, Texas on this the 12th day of November, 2015 by email to preslj@co.comal.tx.us

_____
SUSAN SCHOON