

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00004-CR

**JOSEPH JAMES KUTNEY III,**

                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                      **Appellee**

---

**From the 87th District Court**
**Leon County, Texas**
**Trial Court No. 20-0008CR**

---

## MEMORANDUM OPINION

---

Joseph James Kutney, III, was found guilty by a jury of the first-degree felony offense of continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02. The trial court assessed Kutney's punishment at forty years in the penitentiary and sentenced him accordingly. Kutney brings this appeal. We affirm as modified.

**Issue One**

In his first issue, Kutney contends the trial court's abstract instructions to the jury assumed that he had committed at least some of the alleged predicate acts of sexual abuse, and they therefore constituted an improper comment on the weight of the evidence. Kutney further contends that the application paragraph contained the same error.

AUTHORITY

"Appellate review of claims of jury-charge error first involves a determination of whether the charge was erroneous and, if it was, then second, an appellate court conducts a harm analysis, with the standard of review for harm being dependent on whether error was preserved for appeal." *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). If there was no objection to the error, a reversal is only required if the error presents egregious harm, meaning that the appellant did not receive a fair and impartial trial. *Reed v. State*, 680 S.W.3d 620, 625–26 (Tex. Crim. App. 2023). "Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id.* at 626. "In determining whether charge error resulted in egregious harm, we consider: (1) the entire jury charge; (2) the state of the evidence; (3) the final arguments of the parties; and (4) any other relevant information revealed by the trial court as a whole." *Id.*

DISCUSSION

The trial court included the following in its abstract instructions in the charge:

In order to find the defendant guilty of the offense of continuous sexual abuse of a young child, you are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. However, in order to find the defendant guilty of the offense of continuous sexual abuse of a young child, you must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

And the trial court included the following at the conclusion of the application paragraph:

With regard to element 1, you need not all agree on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. You must, however all agree that the defendant committed two or more acts of sexual abuse.

With regard to element 2, you must all agree that at least thirty days passed between the first and last acts of sexual abuse committed by the defendant.

Kutney contends that the language above assumed he committed some of the alleged predicate acts and was a comment on the evidence by the trial court. Kutney argues that conditional "if any" language was required for a proper instruction. Kutney posits that a proper instruction without a comment on the evidence would read as follows:

You are instructed that members of the jury are not required to agree unanimously on which specific acts of sexual abuse, *if any*, were committed by the defendant or the exact date when those acts were committed, *if any*. The jury must agree unanimously that the defendant, during a period that was 30 or more days in duration, committed two or more acts of sexual abuse as that term has been previously defined.

. . . .

With regard to element 1, you need not all agree on which specific acts of sexual abuse were committed by the defendant, *if any*, or the exact date when those acts were committed, *if any*. You must however all agree that the defendant committed two or more acts of sexual abuse.

With regard to element 2, you must all agree that at least thirty days passed between the first and last acts of sexual abuse committed by the defendant, *if any*.

A trial court, in its charge to the jury, should never give the jury an instruction that constitutes a comment by the court on the elements of the alleged offense or assumes a disputed fact. *Brock v. State*, 495 S.W.3d 1, 14 (Tex. App.—Waco 2016, pet. ref'd). "An instruction, albeit facially neutral and legally accurate, may nevertheless constitute an improper comment on the weight of the evidence." *Kirsch v. State*, 357 S.W.3d 645, 651 (Tex. Crim. App. 2012). "Trial courts have 'broad discretion' in submitting proper definitions and explanatory phrases to aid the jury." *Brock*, 495 S.W.3d at 14. The charge must contain an accurate description of the law. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012). "But a trial court has no discretion in determining what the law is or applying the law to the facts." *Brock*, 495 S.W.3d at 14. A jury charge that tracks the language of a particular statute is a proper charge on the statutory issue. *Riddle v. State*, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994).

Subsection 21.02(d) of the Penal Code provides:

If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

TEX. PENAL CODE ANN. § 21.02(d). Here, the trial court's abstract instruction contained an accurate description of the law and tracked the language of subsection 21.02(d) of the

Penal Code.  *See id.*  As such, we conclude the instruction was a proper statement of the law.  *See Riddle*, 888 S.W.2d at 8.

We now examine whether the abstract instruction in the charge constituted a comment by the court on the elements of the alleged offense or assumed a disputed fact. *See Brock*, 495 S.W.3d at 14.  Kutney contends that without the conditional "if any" language the instruction assumed the truth of a controverted issue and therefore constituted a comment on the weight of the evidence.

The Code of Criminal Procedure requires that a trial court deliver to the jury a written charge "not expressing any opinion as to the weight of the evidence, not summing up the testimony [or] discussing the facts."  TEX. CODE CRIM. PROC. ANN. art. 36.14.  The abstract instructions serve as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge.  *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012).  An instruction is a comment on the weight of the evidence if it singles out a particular fact and instructs the jury it may consider that fact in determining an issue in the case. *See Hawkins v. State*, 656 S.W.2d 70, 73 (Tex. Crim. App. 1983).  "In determining whether the charge improperly comments on the weight of the evidence, we consider the court's charge as a whole and the evidence presented at trial."  *Lacaze v. State*, 346 S.W.3d 113, 118 (Tex. App—Houston [14th Dist.] 2011, pet. ref'd).

Here, the second half of the complained-of instruction stated that "[i]n order to find the defendant guilty of the offense of continuous sexual abuse of young child, you must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." Additionally, the application paragraph of the charge instructed the jury that "[i]f you all agree that the state has proved beyond a reasonable doubt all four elements listed above, then you must find the defendant 'Guilty' of the offense" and followed with "[i]f you all agree that the state has failed to prove beyond a reasonable doubt one or more elements listed above, then you must find the defendant 'Not Guilty' of the offense." The charge also included instructions on the presumption of innocence, the State's burden of proof, reasonable doubt, and the indictment not being evidence of guilt. When we view the charge as a whole, we cannot conclude that Kutney suffered egregious harm from the omission of the phrase "if any" in the abstract instruction in the charge.

We now turn to our review of the application paragraph. The application paragraph is the heart and soul of a jury charge in a criminal case because it specifies the factual circumstances under which the jury should convict or acquit. *See Harmel v. State*, 597 S.W.3d 943, 957 (Tex. App.—Austin 2020, no pet.) (citing *Vasquez*, 389 S.W.3d at 367). The application paragraph applies the "pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations." *Cortez*, 469 S.W.3d at 598. Thus, we look at the wording of the application paragraph to determine

whether the jury was correctly instructed in accordance with the indictment. *See Harmel*, 597 S.W.3d at 957 (citing *Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex. Crim. App. 2013)). A jury charge is appropriate

> if it either contains an application paragraph specifying all of the conditions to be met before a conviction . . . is authorized, or contains an application paragraph authorizing a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs.

*See id.* (quoting *Delapaz v. State*, 228 S.W.3d 183, 212 (Tex. App.—Dallas 2007, pet. ref'd)).

Reading the complained-of application paragraph as a whole reveals that the initial paragraph instruction included a condition that the jury "must determine whether the state has proved, beyond a reasonable doubt, four elements." The application paragraph then listed the elements of the offense. As stated above, the application paragraph concluded with instructions that if the jury agrees that the State has proved beyond a reasonable doubt all four elements, then it must find Kutney guilty and if the jury agrees the State has failed to prove beyond a reasonable doubt one or more elements, then it must find Kutney not guilty. Again, the charge also included instructions on the presumption of innocence, the State's burden of proof, reasonable doubt, and the indictment not being evidence of guilt.

Reasonably construed, the jury charge did not assume the truth of the contested allegations, and the jury was clearly instructed to make that determination. The charge had appropriate conditions that had to be met before a conviction was authorized. *See id.*

We conclude that the complained-of language did not constitute a comment on the weight of the evidence by the trial court.

We overrule Kutney's first issue.

## Issue Two

In his second issue, Kutney challenges the assessment of court costs and fees.  He specifically challenges the assessment of an $8.00 capias fee, $5.00 arrest fee, $5.00 release fee, $10.00 bond fee, and $200.00 subpoena fee.

Section 51.318 of the Government Code authorizes the clerk to collect an $8 fee for issuing a subpoena or a writ in criminal cases.  TEX. GOV'T CODE ANN § 51.318(b)(1)–(2); *see Welch v. State*, 683 S.W.3d 525, 528 (Tex. App.—Waco 2023, no pet.).  In a criminal case, a capias is a writ.  *See* TEX. CODE CRIM. PROC. ANN. art. 23.01.  Subsection 51.318(c) provides that "[t]he fee is the obligation of the party to the suit or action initiating the request."  TEX. GOV'T CODE ANN. § 51.318(c).  In this case, there is no record that Kutney applied for issuance of a subpoena or requested issuance of a capias.  Therefore, we delete the $8.00 capias issuance fee and $200.00 subpoena issuance fee.  *See Welch*, 683 S.W.3d at 528.

In Kutney's challenge to the $5.00 arrest fee, he contends that the fee only applies if the arrest is a warrantless arrest.  *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(1).  It is undisputed that Kutney was arrested pursuant to a warrant.  Therefore, we delete the $5.00 arrest fee.

In Kutney's challenge to the assessment of the $5.00 release fee and the $10.00 bond fee, he contends that because he was never released and was continuously confined since his initial arrest on the charge, the release fee and the bond fee are improper. The trial court's judgment ordered the County Sheriff "to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment." The County Sheriff was required to release Kutney into the possession of the prison system. Kutney was properly assessed the $5.00 release fee. *See Willingham v. State*, 692 S.W.3d 772, 774 (Tex. App.—Waco 2024, no pet.). Because Kutney never made bond and was continuously confined, we delete the $10.00 bond fee.

We sustain in part and overrule in part Kutney's second issue.

### Conclusion

We affirm the judgment of the trial court as modified.


MATT JOHNSON
Chief Justice


Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed as modified
Opinion delivered and filed January 30, 2025
Do not publish
[CRPM]

